IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SCOTT COATES, <br><br> Plaintiff, <br><br> v. <br><br> SHANNON CLUNEY, *et al.*, <br><br> Defendants. | Civ. No. 23-00122 JMS-WRP <br><br> ORDER DISMISSING FIRST AMENDED PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 13, WITH PARTIAL LEAVE GRANTED TO AMEND |

## ORDER DISMISSING FIRST AMENDED PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 13, WITH PARTIAL LEAVE GRANTED TO AMEND

Before the court is pro se Plaintiff Scott Coates' ("Coates") First

Amended Prisoner Civil Rights Complaint ("FAC") brought pursuant to 42 U.S.C.

§ 1983.  ECF No. 13.  In the FAC, Coates alleges that he was denied adequate

medical care while he was incarcerated at the Halawa Correctional Facility

("HCF"), a state prison.[1]  After conducting the required screening pursuant to

28 U.S.C. § 1915(e)(2), the court DISMISSES the FAC with partial leave granted

to amend.  If Coates wants this action to proceed, he must file an amended

pleading that cures the noted deficiencies in his claims on or before **September 29,**

---

[1] Coates names Defendants Maura Tresch, Mandy Feldt, Romey Glidewell, Moani Cummings, and Caroline Mee in their individual and official capacities.  *See* ECF No. 13 at PageID.69–PageID.71.

**2023**.  In the alternative, Coates may inform the court in writing on or before

**September 29, 2023**, that he would like to dismiss voluntarily this action pursuant

to Federal Rule of Civil Procedure 41(a)(1).

## I.  <u>STATUTORY SCREENING</u>

The court must screen any case in which a prisoner seeks redress from

a governmental entity or officer or employee of a governmental entity, or in which

a plaintiff proceeds in forma pauperis. 28 U.S.C. §§ 1915(e)(2), 1915A(a); *Jones v.*

*Bock*, 549 U.S. 199, 202 (2007) ("Among other reforms, the [Prison Litigation

Reform Act of 1995] mandates early judicial screening of prisoner complaints.").

During this screening, the court must dismiss any complaint, or any portion

thereof, that is frivolous, malicious, fails to state a claim on which relief may be

granted, or seeks damages from defendants who are immune from suit.  *See* 28

U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Harris v. Mangum*, 863 F.3d 1133, 1137

(9th Cir. 2017); *see also Harris v. Harris*, 935 F.3d 670, 675 (9th Cir. 2019)

(describing screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)–(b)).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the

same standard of review as that used under Federal Rule of Civil Procedure

12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per

curiam).  Under this standard, a complaint must "contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A

claim is "plausible" when the facts alleged support a reasonable inference that the

plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See*

*id.*

        In conducting this screening, the court liberally construes pro se

litigants' pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627

F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The court must grant leave to

amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez*

*v. Smith*, 203 F.3d 122, 1130 (9th Cir. 2000).  When a claim cannot be saved by

amendment, however, dismissal with prejudice is appropriate.  *See Sylvia*

*Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  <u>BACKGROUND</u>[2]

        Sometime in 2021, Dr. Tresch, a primary care physician at the HCF,

concluded that there was an "issue" with Coates' right eye.[3]  ECF No. 13 at

PageID.75.  Dr. Tresch referred Coates to an ophthalmologist at Straub Medical

---

    [2] Coates' factual allegations are accepted as true for purposes of screening.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

    [3] In the original Complaint, Coates stated that he had pterygium on his right eye.  ECF No. 1 at PageID.5.  Pterygium is "a raised, fleshy, triangular-shaped growth" on the eye. Cleveland Clinic, Pterygium (Surfer's Eye), https://my.clevelandclinic.org/health/diseases/ 22497-pterygium-surfers-eye (last visited Aug. 29, 2023).  The condition's main cause is long-term exposure to UV light.  *Id.*  An affected eye "may be red, swollen and irritated in mild cases. If pterygium grows, . . . vision may be blocked or blurred.  Treatments include symptom-relieving eye drops and ointment to surgery if . . . vision is affected."  *Id.*

Center who examined Coates in March 2022. *Id.* Two other ophthalmologists—

one at EyeSight Hawaii and another at the Oculoplastics Center—examined Coates

in May 2022 and December 2022, respectively. *Id.* All three ophthalmologists

diagnosed Coates with ocular cicatricial pemphigoid ("OCP"), a rare autoimmune

disease.[4] *Id.* at PageID.75–PageID.76. According to Coates, he should have been

seen by a rheumatologist, but treatment was "withheld" for fourteen months. *Id.* at

PageID.75.

        In January 2023, Coates had an appointment at EyeSight Hawaii for

"tear duct plugs." *Id.* at PageID.76. Cummings, a registered nurse, cancelled this

appointment. *Id.* Cummings also cancelled a second appointment for Coates with

the ophthalmologist at the Oculoplastics Center. *Id.*

        At some point, Glidewell, a nurse practitioner, ordered an injection of

methotrexate for Coates, but he refused it.[5] *Id.* Glidewell later told Coates that she

would inform the Hawaii Paroling Authority that Coates was refusing treatment.

---

        [4] OCP is "a form of mucous membrane pemphigoid (a group of rare, chronic autoimmune disorders) that affects the eyes." *See* Autoimmune Association, What is Ocular cicatricial pemphigoid, https://autoimmune.org/disease-information/ocular-cicatricial-pemphigoid/ (last visited Aug. 29, 2023). "In the early stages, people with OCP generally experience chronic or relapsing conjunctivitis that is often characterized by tearing, irritation, burning, and/or mucus drainage. If left untreated, OCP can progress to severe conjunctiva scarring and vision loss." *Id.*

        [5] Methotrexate is used to treat a variety of conditions, including autoimmune diseases. *See* WebMD, https://www.webmd.com/drugs/2/drug-3441/methotrexate-anti-rheumatic-oral/details (last visited Aug. 29, 2023).

*Id.* Glidewell told Coates that this could affect his chances of being granted parole. *Id.*

Coates commenced this suit by signing the original Complaint on February 27, 2023. ECF No. 1 at PageID.8. The court dismissed the Complaint on April 14, 2023. ECF No. 7. After the court granted two extension requests filed by Coates, *see* ECF Nos. 9, 12, the court received the FAC on August 14, 2023, ECF No. 13.

### III.  DISCUSSION

### A.  Eleventh Amendment

Coates names all five Defendants in both their individual and official capacities. ECF No. 13 at PageID.69–PageID.71.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984). It does not bar official-capacity suits against state officials for prospective relief to enjoin alleged ongoing violations of federal law. *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). Nor does it bar suits for damages

against state officials in their personal capacities.  *See Hafer v. Melo*, 502 U.S. 21,

30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Coates only seeks damages in this action.  *See* ECF No. 13 at

PageID.77.  Any such claims against Defendants in their official capacities are

barred by the Eleventh Amendment and, therefore, DISMISSED with prejudice.

*See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) ("The Eleventh

Amendment bars claims for damages against a state official acting in his or her

official capacity." (citation omitted)).

Thus, all claims against Defendants in their official capacities are

DISMISSED with prejudice.

**B.      Legal Framework for Claims Under 42 U.S.C. § 1983**

"Section 1983 provides a cause of action against '[e]very person who,

under color of' law deprives another of 'rights, privileges, or immunities secured

by the Constitution.'"  *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022)

(quoting 42 U.S.C. § 1983) (alteration in original).  To state a claim under

42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the

Constitution or laws of the United States was violated; and (2) that the alleged

violation was committed by a person acting under color of state law.  *See West v.

Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & Cnty. of Honolulu*, 952 F.3d 1136,

1140 (9th Cir. 2020).

Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## C.    Eighth Amendment

The Eighth Amendment governs the treatment of convicted prisoners and forbids "cruel and unusual punishments." U.S. Const. amend. VIII; *see Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021). Although the Constitution "'does not mandate comfortable prisons,'" it does not "permit inhumane ones[.]" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). Prison officials, therefore, "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and [they] must 'take reasonable measures to guarantee the safety of the inmates[.]'" *Id.* (citations omitted).

Coates alleges in Counts I, II, and III that he was denied adequate

medical care while he was incarcerated at the HCF.[6]  *See* ECF No. 13 at

PageID.74–PageID.76.

To establish a claim of inadequate medical care, a prisoner must show

both a "serious medical need" and that an official's response to the need was

"deliberately indifferent." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785–86 (9th Cir.

2019) (per curiam).

A serious medical need is present when, for example, the "'failure to

treat a prisoner's condition could result in further significant injury or the

unnecessary and wanton infliction of pain." *Id.* at 785 (internal quotation marks

and citations omitted).  "Serious medical needs can relate to physical, dental and

mental health." *Id.* (internal quotation marks and citations omitted).

"To show deliberate indifference, the plaintiff must show that the

course of treatment the [official] chose was medically unacceptable under the

circumstances and that the [official] chose this course in conscious disregard of an

excessive risk to the plaintiff's health." *Id.* at 786 (internal quotation marks and

citations omitted) (alterations in original).  This is a "high legal standard." *Toguchi

v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  "An inadvertent or negligent

---

[6] Although Coates also marked boxes next to "Threat to safety" and "Retaliation" in
Count III, ECF No. 13 at PageID.76, he does not allege facts supporting such claims.  All of
Coates' claims relate to the medical care that he received at the HCF.  *See id.* at PageID.74–
PageID.76.  If Coates decides to file an amended pleading, he is reminded that any claims
involving more than one issue must be stated in different counts.

failure to provide adequate medical care is insufficient to establish a claim under the Eighth Amendment." *Edmo*, 935 F.3d at 786 (citation omitted). "In other words, [m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* (internal quotation marks and citation omitted) (alteration in original).

Even assuming Coates' allegations regarding his pterygium and OCP identify a serious medical need, *see Coleman v. CDCR*, 2011 WL 2619569, at \*3 (E.D. Cal. July 1, 2011) ("Plaintiff's allegations concerning his pterygium are sufficient to support a claim that he had a serious medical need[.]"), Coates has not plausibly alleged that any defendant consciously disregarded an excessive risk to his health.

In Count I, Coates alleges that Defendants had the authority to assist him, but they failed to do so. ECF No. 13 at PageID.74. These generalized and conclusory allegations, however, are insufficient to state a claim. Coates does not say when any particular Defendant became aware of his need for medical care or how they consciously disregarded a threat to his health. Without more, Coates' claims in Count I cannot proceed. *See Simmons v. G. Arnett*, 47 F.4th 927, 934 (9th Cir. 2022) ("[A]n inadvertent failure to provide adequate medical care, differences of opinion in medical treatment, and harmless delays in treatment are not enough to sustain an Eighth Amendment claim.").

In Count II, Coates alleges that his need for medical care was "common knowledge" among Defendants. ECF No. 13 at PageID.75. Coates further asserts that he submitted "many" medical requests, grievances, and calls for help. *Id.* Again, these generalized and conclusory allegations are insufficient to state a claim for deliberate indifference against any particular Defendant. *See Acuna v. Pollard*, 2022 WL 2193116, at *5 (S.D. Cal. June 17, 2022). If Coates decides to file an amended pleading, he must allege when each Defendant knew about his medical needs and how each Defendant subsequently disregarded an excessive risk to his health.

To the extent that Coates alleges in Count II that Feldt and Cummings asked him to be patient because he was scheduled to see a rheumatologist, he has not plausibly alleged deliberate indifference. Indeed, these allegations contradict Coates' assertion that prison officials simply ignored his need to see a rheumatologist. Documents that Coates attached to the FAC further suggest that it was, and remains, difficult to find a rheumatologist to see him. *See* ECF No. 13-1 at PageID.84 (stating that EyeSight Hawaii had contacted multiple rheumatologist offices, but they all were "booked out"); *id.* at PageID.88 (stating that the Oculoplastics Center was finding it "challenging" to establish care with a rheumatologist on Oahu).

10

Regarding Coates' allegation that Glidewell told him that it would be too expensive to refer him to a specialist, Coates does not say when Glidewell made these statements or to which specialist Glidewell was referring.  According to Coates, he was seen by three ophthalmologists, and Feldt and Cummings told him that he was also scheduled to see a rheumatologist.  Thus, at this point, Coates has not plausibly alleged that Glidewell acted with deliberate indifference.

Finally, in Count III Coates alleges that Cummings cancelled January 2023 appointments at EyeSight Hawaii and the Oculoplastics Center.  ECF No. 13 at PageID.76.  Coates does not explain, however, how these cancellations amount to deliberate indifference by Cummings.  Coates attached to the FAC a document from EyeSight Hawaii stating that all his future appointments were cancelled because Coates was going to receive care from another provider at the HCF.  *See* ECF No. 13-1 at PageID.78.  Coates does not allege that this was untrue.  Nor does he allege that he did not receive any subsequent care at the HCF.  Coates, therefore, has not plausibly alleged that Cummings consciously disregarded an excessive risk to his safety by cancelling the appointments.

To the extent Coates alleges that Glidewell "went outside of her professionalism" by attempting to administer a dose of methotrexate, ECF No. 13 at PageID.76, negligence, medical malpractice, and even gross negligence are insufficient to establish deliberate indifference to serious medical needs, *see*

*Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1082 (9th Cir. 2013).

Although Coates may have disagreed with a course of treatment proposed by

Glidewell, this is insufficient to state a plausible claim of deliberate indifference.

*See Vazquez v. Conanan*, 2023 WL 2624782, at *2 (9th Cir. Mar. 23, 2023) ("[A]

patient's difference of medical opinion concerning the appropriate course of

treatment is not sufficient to constitute deliberate indifference.").

   If Coates decides to file an amended pleading, he must plausibly

allege when each Defendant knew about a serious medical need and how each

Defendant then consciously disregarded an excessive risk to his health.  *See Hyde*

*v. City of Willcox*, 23 F.4th 863, 873 (9th Cir. 2022) (stating that that "prison

officials violate the Constitution when they deny, delay or intentionally interfere

with needed medical treatment") (internal quotation marks and citation omitted).

To the extent Coates submitted grievances or other requests for help, he must say

when these various complaints were submitted, who received them, and how the

recipients responded or failed to do so.  *See Peralta v. Dillard*, 744 F.3d 1076,

1085–86 (9th Cir. 2014) (stating that "a prison administrator can be liable for

deliberate indifference to a prisoner's medical needs if he knowingly fail[s] to

respond to an inmate's requests for help") (quotation marks and citation omitted)

(alteration in original).  To the extent Coates alleges that prison officials withheld

treatment, he must specifically say who did so and how.  Vague and conclusory

allegations will not do.  *See Irby v. Johnson*, 2022 WL 17102351, at \*1 (9th Cir. Nov. 22, 2022) ("The district court properly dismissed [plaintiff's] deliberate indifference claims because [plaintiff] failed to allege facts sufficient to show that defendants knew of and disregarded an excessive risk to his health.").

## IV.  LEAVE TO AMEND

The FAC is DISMISSED with partial leave granted to amend.  Coates must file any amended pleading on or before **September 29, 2023**.  Coates may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the FAC. Claims that do not properly relate to those in the FAC are subject to dismissal.

Coates must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading.  An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form.  *See* LR99.2(a).  An amended complaint will supersede the preceding complaint.  *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

## V.  CONCLUSION

(1) The FAC, ECF No. 13, is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2), with partial leave granted to amend.

(2) Coates must file any amended pleading on or before **September 29, 2023**.

(3) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice.

(4) ALTERNATIVELY, Coates may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1).

(5) The Clerk is DIRECTED to send Coates a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 29, 2023.



 /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Coates v. Cluney, et al.*, Civ. No. 23-00122 JMS-WRP, Order Dismissing First Amended Prisoner Civil Rights Complaint, ECF No. 13, With Partial Leave Granted to Amend